IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **09-cv-00879-JLK-KLM**

**MICAELA LARA,**
**COSME LARA MUNOZ,**

      Plaintiffs,

v.

**HOME DEPOT USA, INC.,** a Delaware Corporation, a/k/a/ The Home Depot,

      Defendant.

_____

**ORDER REMANDING CASE TO STATE COURT**
_____

**Kane, J.**

      This state court personal injury action is REMANDED to the District Court for the City and County of Denver based on the failure of Defendant's Notice of Removal (Doc. 1) to establish federal diversity jurisdiction.  It is settled law in this district that Colorado's state Civil Cover Sheet is not an "other paper" or document sufficient to establish the amount in controversy for purposes of diversity jurisdiction under 28 U.S.C. § 1332.  *See Harding v. Sentinel Inc. Co., Ltd.*, 490 F. Supp.2d 1134 (D. Colo. 2007)(rejecting earlier exceptions as contrary to Tenth Circuit law); *Baker v. Sears Holding Corp.*, 557 F. Supp.2d 1208, 1215 (D. Colo. 2007)(agreeing with and expanding upon *Harding*).    Because Plaintiffs' checking off the C.R.C.P. Rule 16.1 box on the

Civil Cover Sheet forms the only basis for Defendants' assertion that the jurisdictional prerequisite that more that $75,000 is in controversy in this case, the Notice is inadequate to confer federal diversity jurisdiction on the Court.

Unless and until facts asserted or admitted in pleadings, depositions, affidavits, discovery responses or "other papers" raise an inference that $75,000 is at issue in a diversity case case, removal is improvident.  The case is remanded to the District Court for the City and County of Denver, where it was originally filed.

Dated this 20th day of April, 2009, at Denver, Colorado.

**s/John L. Kane**
SENIOR U.S. DISTRICT JUDGE